Signed and Filed: April 3, 2013

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>ROBERT A. DOSS,<br><br>        Debtor.<br>_____<br>ROBERT A. DOSS,<br><br>        Plaintiff,<br><br>   vs.<br><br>BAC HOME LOANS SERVICING, LP,<br><br>        Defendant.<br>_____ | Case No: 11-31693 HLB<br><br>Chapter 11<br><br><br><br>Adv. Proc. No. 11-3213 TC |

**MEMORANDUM DECISION RE RULE 12(B)(6) MOTION TO DISMISS**

On March 9, 2012, the court held a hearing on Defendant's Rule 12(b)(6) motion to dismiss. William H. Kiekhofer, III appeared for Defendant. Reuben L. Nocos appeared for Plaintiff. Upon due consideration, the court hereby resolves the motion as follows.

(1) The motion to dismiss Plaintiff's first claim for relief for fraud should be granted **with** leave to amend, (a) because the complaint does not allege: (i) a false representation; (ii) knowledge of its falsity; (iii) intent to defraud; (iv) justifiable reliance; and (v) damages, see Britton v. Price (In re Britton), 950 F.2d 602, 604 (9th Cir. 1991) (citations omitted), and (b)

MEMORANDUM DECISION                  -1-

because the complaint does not allege with specificity what false representations were made, who made those representations, and when those representations were made, see Fed. R. Civ. P. 9(b).

 (2) The motion to dismiss Plaintiff's second claim for relief for slander of title should be granted **with** leave to amend for the following reasons.

  (a) To establish a claim for slander of title, Plaintiff must establish: (i) publication; (ii) falsity; (iii) absence of privilege; (iv) disparagement of another's land which is relied upon by a third party; and (v) direct pecuniary loss. See <u>Smith v. Commonwealth Land Title Ins. Co.</u>, 177 Cal.App.3d 625, 630 (1986) (citations omitted). Statutorily required mailings, publications, and delivery of notices in nonjudicial foreclosures are privileged communications. See <u>Kachlon v. Markowitz</u>, 168 Cal.App.4th 316, 333-34 (2008). When the complaint makes clear that the publication is one within the classes qualified as privileged, plaintiff must plead that the privilege is not available as a defense because defendant acted with malice. See <u>Smith</u>, 177 Cal.App.3d at 630-31.

  (b) The complaint alleges that recordation of the following documents slandered titled to Plaintiff's property: (i) the October 20, 2009 Notice of Default (the "Notice of Default"); (ii) the December 15, 2009 Corporation Assignment of Deed of Trust (the "2009 Assignment"); (iii) the March 17, 2010 Notice of Trustee's Sale (the "March Notice of Trustee Sale"); (iv) the September 22, 2010 Corporation Assignment of Deed of Trust (the "2010 Assignment"); and (v) the September 22, 2010 Notice of Trustee's Sale (the "September Notice of Trustee Sale").

  (c) MERS had authority under the Deed of Trust to record

**MEMORANDUM DECISION**   -2-

the 2009 Assignment and the 2010 Assignment, and courts in the Ninth Circuit have repeatedly recognized that MERS, as a named nominal beneficiary to a Deed of Trust, has the power to make assignments under California's statutory foreclosure scheme. See Lawther v. Onewest Bank, 2010 WL 4936797 * 6 (N.D. Cal. 2010).

  (d) ReconTrust had authority under the Deed of Trust to record the Notice of Default, the March Notice of Trustee Sale, and the September Notice of Trustee Sale.

  (e) The recording of the 2009 Assignment, the 2010 Assignment, the Notice of Default, the March Notice of Trustee Sale, and the September Notice of Trustee Sale were privileged communications, because they were recorded in accordance with California nonjudicial foreclosure proceedings, and the complaint does not allege that MERS or ReconTrust acted with malice in recording these documents.

 (3) The motion to dismiss Plaintiff's third claim for relief for wrongful foreclosure should be granted **with** leave to amend for the following reasons.

  (a) California courts recognize a cause of action for wrongful foreclosure under equitable principles, but full tender is required to set aside a foreclosure sale based on equitable principles. See Stebley v. Litton Loan Servicing, LLP, 202 Cal.App.4th 522, 526 (2011).

  (b) The complaint does not allege full tender or tender of all delinquencies and costs due for redemption, or that any of the exceptions to the tender requirement are applicable. See Lona v. Citibank, N.A., 202 Cal.App.4th 89, 112-13 (2011).

 (4) The motion to dismiss Plaintiff's fourth claim for relief

**MEMORANDUM DECISION**   -3-

for quiet title should be granted **with** leave to amend, because the complaint does not allege that Plaintiff made full tender. See Miller v. Provost, 26 Cal.App.4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet title against the mortgagee") (citations omitted).

    (5) The motion to dismiss Plaintiff's fifth claim for relief for promissory estoppel should be granted **with** leave to amend, because the complaint does not allege: (a) a promise clear and unambiguous in its terms; (b) reliance by Plaintiff; (c) that Plaintiff's reliance was both reasonable and foreseeable; and (d) that Plaintiff was injured by his reliance. See Ecology, Inc. v. California, 129 Cal.App.4th 887, 901-02 (2005).

    (6) The motion to dismiss Plaintiff's sixth claim for relief for unfair business practices under Business and Professions Code § 17200 et seq. (UCL) should be granted **with** leave to amend for the following reasons.

    (a) California Business and Professions Code section 17204 limits standing to bring a UCL claim to specified public officials and a private person "who has suffered injury in fact and has lost money or property **as a result** of the unfair competition". (Emphasis added). The court may dismiss a UCL claim when the complaint lacks sufficient allegations that plaintiff lost money or property as a result of a UCL violation. See Saldate v. Wilshire Credit Corp., 711 F.Supp.2d 1126, 1137 (E.D. Cal. 2010).

    (b) The complaint alleges that Defendant engaged in various "deceptive" business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, and foreclosure of residential property, but the complaint does not

**MEMORANDUM DECISION** -4-

allege that Plaintiff lost money or property **as a result** of these alleged UCL violations.

(7) The motion to dismiss Plaintiff's seventh claim for relief (seeking declaratory relief that the MERS system impermissibly bifurcates the note from the deed of trust) should be granted **without** leave to amend. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034 (9th Cir. 2011) (under Arizona law, designation of MERS as beneficiary under deed of trust did not irreparably split deed from promissory note and render mortgage unenforceable). The complaint does not allege violations of California recording and foreclosure statutes related to the purported splitting of the note and deed of trust.

(8) The motion to dismiss Plaintiff's eighth claim for relief for fraud should be granted **with** leave to amend, because the complaint does not allege: (a) a false representation; (b) knowledge of its falsity; (c) intent to defraud; (d) justifiable reliance; and (e) damages. See Britton, 950 F.2d at 604.

**\*\*END OF MEMORANDUM DECISION\*\***